Filed 7/2/14  Castellon v. Balbigy CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| JUDITH CASTELLON, | B245122 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LD062461) |
| v. | |
| NADER BALBIGY; | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County. Steff Padilla, Christine Ewell and Virginia Keeny, Judges.  Affirmed.

Nader Balbigy, in pro per, Appellant.

No appearance by Respondent.

_____

Nader Balbigy appeals from the family law court's domestic violence restraining order that prohibited him from having contact with his wife and children. We affirm that order.

## FACTS AND PROCEDURAL HISTORY

On August 10, 2012, the trial court issued a domestic violence restraining order against Nader Balbigy in connection with the marital dissolution proceeding brought by his wife, Judith Castellon. Distilled, that order commanded Balbigy to refrain from contacting, stalking, or harassing Castellon and their three children.

At the hearing on Castellon's application for that order, Balbigy admitted that he was already subject to a restraining order that resulted from his earlier no contest plea to a criminal domestic violence charge. The trial court reviewed the criminal court's restraining order and pointed out that the criminal court had not checked off the box that would have allowed Balbigy to have contact with his children.

Castellon claimed that Balbigy had, in violation of the criminal court restraining order, contacted the children to say negative things about her and pressure them into living with him, stalked her on Facebook through a fictional identity, checked up on her eBay activities, and had threatened to harm three of her relatives. Balbigy admitted that he had contacted his children by phone and in person, had been following Castellon on Facebook, obtained records of her cell phone activity because his name was on the account, examined her eBay activities, and secretly recorded a conversation he had with her.

Castellon said she wanted an order that would allow Balbigy to see the children during monitored visits with a therapist in order to address the emotional abuse they suffered from his conduct. The trial court granted the restraining order and was in the process of awarding visitation on that basis when Balbigy interrupted and said he did not want visitation. The trial court said it was "sorry for your children because they love you." The trial court then issued a five-year restraining order against Balbigy that applied to his wife and children.

2

## DISCUSSION

Under the Domestic Violence Protection Act (Fam. Code, § 6200, et seq.), the family law court can issue restraining orders either ex parte or after notice and a hearing to enjoin a party from, among other things, stalking, threatening, harassing, making annoying phone calls, contacting, or disturbing the peace of the other party and, if applicable, their family or household members. (Fam. Code, §§ 6320, 6340.) We review the trial court's order under the abuse of discretion standard and examine the record to determine whether the order is supported by substantial evidence. (*Burquet v. Brumbaugh* (2014) 223 Cal.App.4th 1140, 1143.)

We recognize that Balbigy has represented himself throughout these proceedings, but he is still bound to follow the rules and principles that govern the presentation of facts and arguments in appellate briefs. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.) These include: presenting the facts fully and completely, and not in a one-sided manner; providing an adequate record that permits meaningful appellate review; and making cogent and intelligible arguments that cite both the record and applicable legal authority. (*Gombiner v. Swartz* (2008) 167 Cal.App.4th 1365, 1374.)[1]

Balbigy has, for the most part, failed to meet these obligations. His opening appellate brief consists primarily of a one-sided attempt to reargue the facts that led to his domestic violence conviction and to discredit Castellon's fitness as a mother through charges of infidelity and other misconduct. He does not offer by way of citation to authority or otherwise any meaningful legal argument why the trial court erred. The most we can discern from his brief is the contention that the family law restraining order was based on the fact that the criminal court's restraining order mistakenly excluded him from seeing his children, an error that he contends was corrected eight months after the family law restraining order was issued.

---

[1] Castellon's failure to file a respondent's brief does not relieve Balbigy of these obligations. (*Burquet v. Brumbaugh, supra,* 223 Cal.App.4th at p. 1141, fn. 1.)

3

This contention suffers from several defects. First, neither the original criminal law restraining order nor the supposed modified order is in the appellate record, precluding meaningful appellate review. Second, it does not acknowledge that the trial court had an independent evidentiary basis for its order based on Castellon's evidence and Balbigy's admissions concerning the nature and extent of his conduct in regard to both Castellon and his children. Finally, the purported modification or clarification of the criminal law restraining order occurred long after the family law restraining order issued, and we review the trial court's ruling based on matters before it at the time of the hearing. (*Haworth v. Superior Court* (2010) 50 Cal.4th 372, 379, fn. 2.)[2]

## DISPOSITION

The family law court's restraining order is affirmed. Respondent shall recover her costs on appeal.

RUBIN, J.

WE CONCUR:

BIGELOW, P. J.

FLIER, J.

---

[2] To the extent the trial court might have relied on the criminal law restraining order, Balbigy is free to seek modification of that order based on changed circumstances. (Fam. Code, § 6345, subd. (a).) We also note that during oral argument Balbigy referred to other family law proceedings in this case. Those matters were not before us and we express no opinion concerning their effect or ultimate disposition should they be appealed.